IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IAN CHADO, *et al.*,

   Plaintiffs,

vs.

NATIONAL AUTO INSPECTIONS, LLC,

   Defendant.

Civil Action No. ADC-17-2945

**MEMORANDUM OPINION**

Plaintiffs, Ian Chado, Nancy Nguyen, and William Rush ("Plaintiffs"), move this Court to add multiple plaintiffs and defendants by granting their Motion for Leave to File an Amended Complaint Without Consent ("Motion to Amend") (ECF No. 64). Plaintiffs also move this Court for class certification of the claims alleged in this matter (the "Motion for Class Certification") (ECF No. 72). After considering each of the motions and the responses thereto (ECF Nos. 68, 73–75), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2016). For the reasons stated herein, the Court GRANTS Plaintiffs' Motion to Amend and GRANTS Plaintiffs' Motion for Class Certification.

**FACTUAL BACKGROUND**

Plaintiffs are all former employees of Defendant, National Auto Inspections, LLC, t/a CARCHEX ("Defendant"), and Plaintiffs seek to add thirty-six additional plaintiffs (collectively with Plaintiffs, "Amended Plaintiffs") and two additional defendants, CARCHEX, LLC ("CARCHEX") and Jason Goldsmith (collectively with Defendant and CARCHEX, "Defendants"). *See* ECF 64-14 at 6–7. Defendants are in the business of selling vehicle insurance products, including Extended Vehicle Protection Plans ("EVPP"). *Id.* at 18. All

1

Amended Plaintiffs were employed as Vehicle Protection Specialists ("Specialists"). *Id.* at 7, 13–17. As Specialists, Plaintiffs made and received calls to and from Defendants' prospective customers, following a script to sell vehicle insurance. *Id.* at 19. Defendants paid Amended Plaintiffs through a "complex piece-rate structure" primarily based on the number of EVPPs that each Specialist sold as well as sales-based bonuses. *Id.* at 20. When the piece-rate and bonus payments did not rise to a certain threshold, Plaintiffs would receive a guaranteed minimum commission. *Id.* at 22.

Plaintiffs contend that they "consistently" worked a minimum of forty-five to fifty-four hours per week as a result of their regular schedules, which included some weekend shifts, and the competitive atmosphere Defendants fostered among the Specialists. *Id.* at 23–24. Plaintiffs allege, however, that their pay did not provide any additional compensation or overtime wages during weeks when they worked more than forty hours in violation of the Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"). *Id.* at 23, 32.

Additional facts are included in the Discussion.

## PROCEDURAL BACKGROUND

On October 5, 2017, Plaintiffs filed this lawsuit against Defendant, their employer, seeking allegedly unpaid overtime wages. ECF No. 1. In its December 4, 2017 answer, Defendant denied Plaintiffs' claims. ECF No. 7. On December 27, 2017, Plaintiffs filed a Motion for Conditional Certification of a Collective Class and to Facilitate Identification and Notice to Similarly Situated Employees. ECF No. 15.[1] Upon reviewing the motion and the

---

[1] On January 4, 2018, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States Court for the District of Maryland and upon consent of the parties, this case was

2

responses thereto, ECF Nos. 23–24, on February 6, 2018, the Court granted Plaintiffs' Motion for Conditional Certification, ECF No. 25.

On April 20, 2018, Plaintiffs filed their Motion to Amend. ECF No. 64. Defendant filed a response on May 4, 2018, ECF No. 68, and Plaintiffs replied on May 18, 2018, ECF No. 73. Plaintiffs filed their Motion for Class Certification on May 9, 2018, ECF No. 72, and Defendant opposed the motion on May 23, 2018, ECF No. 74. On June 6, 2018, Plaintiffs filed a reply. ECF No. 75. Accordingly, the Motion to Amend and the Motion for Class Certification are fully briefed.

## STANDARD OF REVIEW

### A. Motion To Amend

When a plaintiff files a motion to amend a complaint after the defendant files a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(1)–(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *CBX Techs., Inc. v. GCC Techs., LLC*, No. JKB-10-2112, 2012 WL 3038639, at *3 (D.Md. July 24, 2012) (stating that the "good cause" standard of Rule 16(b)(4) becomes the starting point in this Court's analysis after the deadline for amending pleadings has passed), *aff'd*, 533 F.App'x 182 (4th Cir. 2013). Pursuant to Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." The decision to grant a motion for leave to amend falls within this Court's discretion. *Foman*, 371 U.S. at 182. Reasons to deny leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

---

transferred to United States Magistrate Judge A. David Copperthite for all proceedings. ECF No. 27.

party by virtue of allowance of the amendment, [and] futility of amendment." *Id.*; *see also Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) ("We have interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'"). Otherwise, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," and the plaintiff moves to amend, the Court should grant the motion so that the plaintiff has the "opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.

Determining whether amendment would be futile does not involve "an evaluation of the underlying merits of the case." *Next Generation Grp. v. Sylvan Learning Ctrs., LLC.*, No. CCB-11-986, 2012 WL 37397, at *3 (D.Md. Jan. 5, 2012). Rather, "the merits of the litigation" are only relevant to the Court's ruling on a motion for leave to amend if "a proposed amendment may clearly be seen to be futile," *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), such as "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards," *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

**B. Motion for Class Certification**

To maintain a class action, a party moving for class certification bears the burden of demonstrating that the proposed class meets the two-step inquiry outlined in Federal Rule of Civil Procedure 23. *See Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 423 (4th Cir. 2003). First, the movant must show that the proposed class meets the four prerequisites set forth in Rule 23(a):

(1) Numerosity: "the class is so numerous that joinder of all members is impracticable;"

(2) Commonality: "there are questions of law or fact common to the class;"

(3) Typicality: "the claims or defenses of the representative parties are typical of the claims or defenses of the class;" and

(4) Adequacy: "the representative parties will fairly and adequately protect the interests of the class."

Fed.R.Civ.P. 23(a); *Gunnells*, 348 F.3d at 423. Second, the court must determine if the proposed class meets one of the three requirements set forth in Rule 23(b). *Gunnells*, 348 F.3d at 423. Here, Plaintiffs seek to proceed under Rule 23(b)(3), which requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3); *Gunnells*, 348 F.3d at 423; *see* ECF No. 72-1 at 16. District courts have wide discretion in deciding whether to certify a class and should liberally construe Rule 23. *Gunnells*, 348 F.3d at 424.

## DISCUSSION

In their Amended Complaint, Plaintiffs seek to add thirty-six plaintiffs and two defendants. ECF No. 64 at 1–2. Defendant argues that adding two new defendants would be futile because CARCHEX is a distinct corporate entity not subject to successor liability and the Amended Complaint fails to state a claim against Mr. Goldsmith. ECF No. 68 at 2–3. In addition, under Federal Rule of Civil Procedure 23, Plaintiffs seek certification of a plaintiff class. ECF No. 72-1 at 1–2. Defendant opposes, arguing that Plaintiffs fail to satisfy the commonality and typicality requirements of Rule 23(a) and that Plaintiffs' claims do not fall within Rule 23(b)(3). ECF No. 74 at 3, 8.

## A. Motion To Amend

In their Amended Complaint, Plaintiffs seek to add thirty-six plaintiffs and two defendants. ECF No. 64 at 1–2. Defendant does not challenge the addition of the new plaintiffs and only argues that adding two new defendants would be futile. ECF No. 68 at 2–3.

Leave to amend would be futile when an amended complaint could not survive a motion to dismiss for failure to state a claim. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). "Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (citing *Davis*, 615 F.2d at 613); *see TFFI Corp. v. Williams*, No. DKC 13-1809, 2015 WL 5008708, at *2 (D.Md. Aug. 20, 2015) ("Although the viability of Plaintiff's claims will be tested by the anticipated dispositive motions, Plaintiff's motion for leave to amend alleges enough plausible facts against the remaining defendants to not be futile.").

A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Here, Defendant advances two principal arguments to support its position that Plaintiffs' proffered amendments are futile. Defendant avers, first, that CARCHEX is a distinct corporate

entity not subject to successor liability and, second, that the Amended Complaint fails to state a claim against Mr. Goldsmith. ECF No. 68 at 2–3.

Addressing Defendant's first argument, Plaintiffs contend that Defendant merely changed the corporate structure of its businesses through its two January 16, 2018 filings at the Maryland State Department of Assessments and Taxation when it cancelled the tradename CARCHEX and registered CARCHEX, LLC. ECF No. 64 at 2; *see* ECF Nos. 64-1 & 64-2. Defendant counters that substantially all of its assets were purchased in March 2018, leading to its insolvency and bankruptcy. ECF No. 68 at 2. Plaintiffs respond that successor liability requires an analysis, which cannot be conducted until after discovery. ECF No. 73 at 2. While Plaintiffs do not explicitly allege that CARCHEX is the successor in interest of National Auto Inspections, the Amended Complaint states that National Auto Inspections, LLC "was an incorporated for-profit business," CARCHEX "is an incorporated for-profit business," and Mr. Goldsmith "owned and operated CARCHEX, and all CARCHEX related entities." ECF No. 64-14 at 12. Plaintiffs also allege that Defendants have similarly located principle offices, were or are engaged in the same business, and that "[a]t all times throughout their employment, Plaintiffs worked for Defendants." *Id.* at 12–13. Plaintiffs also allege that both entities utilized the same payment system which did not pay allegedly due overtime wages. *Id.* at 20–27. Such allegations plausibly, and thus sufficiently, allege successor liability. *See Century Metal Recycling Private Ltd. v. Metal Worldwide, Inc.*, No. JKB-12-2650, 2013 WL 4851696, at *7 (D.Md. Sept. 10, 2013) (concluding that allegations that a new entity was being formed at the same time another was dissolving, that the new entity engaged in the same type of business as the dissolved entity, that the new entity served the old entity's customers, that the president of the dissolved entity continued to act through the new entity to conduct business, and that the new entity maintained

the same officers and assets as the old entity sufficiently alleged successor liability). Thus, Plaintiffs Amended Complaint would not be futile as to CARCHEX.

Second, Defendant argues that the proposed Amended Complaint fails to state a claim against Mr. Goldsmith because "[t]he sole basis for the new claims against Mr. Goldsmith is that he allegedly 'owned and operated CARCHEX, and all CARCHEX related entities.'" ECF No. 68 at 1–2 (record citation omitted). Defendant's argument, however, fails. The FLSA and MWHL define an "employer," in a similar manner as either "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), or "a person who acts directly or indirectly in the interest of another employer with an employee," Md.Code Ann., Lab. & Empl. § 3-401(b). Furthermore, federal courts have interpreted the definition of an employer "broadly to achieve Congress's intent to provide a remedy to employees for their employers' wage and hour violations." *Guzman v. D & S Capital, LLC*, No. MAB 14-CV-01799, 2015 WL 772797, at *4 (D.Md. Feb. 20, 2015) (quoting *Hurd v. NDL, Inc.*, No. CCB-11-1944, 2012 WL 642425, at *5 (D.Md. Feb. 27, 2012)).

"Whether a person qualifies as an employer turns on the 'economic reality' of the relationship between the employee and the putative employer." *Id.* (citation omitted). This includes an examination of multiple factors "such as the person's job description, his or her financial interest in the enterprise, and whether or not the individual exercises control over the employment relationship." *Id.* (citation omitted). Here, Plaintiffs allege, and produce affidavits to support, that Mr. Goldsmith controlled the administration of the business and set employee schedules, actively engaged in the management and direction of employees, exercised his authority to set employees' work schedules, assign and change Plaintiffs' work duties, and set Plaintiffs' rate and method of pay, and knew that Plaintiffs and other employees customarily

8

worked more than forty hours per week. *See* ECF Nos. 64-3 through 64-13 & 64-14 at 17, 27; *see also Rollins v. Rollins Trucking, LLC*, No. JKB-15-3312, 2016 WL 81510, at *3 (D.Md. Jan. 7, 2016) (determining that where the plaintiff pleaded facts that corresponded to three of the four factors under the economic-reality test, the claims would proceed to discovery); *Pearson v. Prof'l 50 States Prot., LLC*, No. RDB-09-3232, 2010 WL 4225533, at *3–5 (D.Md. Oct. 26, 2010) (construing allegations made in the plural in the complaint as against an individual defendant in his individual capacity). Thus, the Court is satisfied that Plaintiffs alleged sufficient facts to show that Mr. Goldsmith is liable under the FLSA and MWHL in his individual capacities such that their claims against Mr. Goldsmith are not futile.[2]

### B. Motion For Class Certification

Moreover, Plaintiffs seek certification of a plaintiff class, pursuant to Federal Rule of Civil Procedure 23, consisting of:

> All persons that work or worked for Defendant as a Vehicle Protection Specialist ("Specialist") between October 5, 2014 and the present and who were not paid an overtime rate of "time and a half" their regular rate for all hours worked over forty (40) in a workweek.

ECF No. 72-1 at 4. Moreover, they seek to appoint themselves and all of the newly named plaintiffs in their Amended Complaint as class representatives. *Id.* at 11. Plaintiffs also seek to appoint Benjamin L. Davis, III and Caitlin K. Carpenter, their current counsel, as class counsel. *Id.* at 19. Defendant opposes Plaintiffs' Motion for Class Certification, contending that Plaintiffs

---

[2] While the MWPCL's definition of employer is "more restrictive than the definition in the FLSA and the MWHL," individual liability has been found where, as here, the individual employer owned the corporation in question and exercised significant control over the employment relationship, for example by having the power to hire and fire the employees and set their rate of pay. *Reynolds v. Solo & AD, Inc.*, No. CBD-15-2021, 2015 WL 5882053, at *3–4 (D.Md. Oct. 2, 2015). Thus, the allegations against Mr. Goldsmith here would also be sufficient under the MWPCL.

9

failed to satisfy the commonality and typicality requirements of Rule 23(a) and that Plaintiffs' claims do not fall within Rule 23(b)(3). ECF No. 74 at 3, 8. Finding that the proposed class meets all four for the Rule 23(a) prerequisites as well as Rule 23(b)(3), the Court will grant Plaintiffs' Motion for Class Certification.

    1. The proposed class meets the Rule 23(a) prerequisites.

The four requirements of Rule 23(a) are commonly referred to as numerosity, commonality, typicality, and adequacy of representation. Defendant only challenges two of the Rule 23(a) prerequisites: commonality and typicality. ECF No. 74 at 3. The Court finds, however, that Plaintiffs satisfy all four requirements.

First, "[i]n order to be certified as a class under Rule 23(a)(1), a class must be 'so numerous that joinder of all members is impracticable.'" *Bullock v. Bd. of Educ. of Montgomery Cty.*, 210 F.R.D. 556, 558 (D.Md. 2002). The court must use its practical judgment in light of the facts presented; there is no bright line rule for determining whether the numerosity element is met. *Id.* "Practicability of joinder depends on factors such as the size of the class, ease of identifying its numbers and determining their addresses, facility of making service on them if joined and their geographic dispersion." *Hewlett v. Premier Salons Int'l, Inc.*, 185 F.R.D. 211, 215 (D.Md. 1997) (citation omitted). "A class consisting of as few as 25 to 30 members raises the presumption that joinder would be impractical." *Cuthie v. Fleet Reserve Ass'n*, 743 F.Supp.2d 486, 498 (D.Md. 2010) (citation omitted). Plaintiffs contend that based on the opt-in list produced by Defendant, there are two hundred and thirty-eight individuals who are employed as Specialists during the applicable statute of limitations period. ECF No. 74 at 12. Furthermore, the Amended Complaint names thirty-nine plaintiffs. ECF No. 64-14 at 1–5. Accordingly, the Court finds that Plaintiffs satisfy the numerosity requirement.

Second, "[c]ommonality exists when the central facts and applicable law at issue are shared by all members of the proposed class. This requirement is not onerous." *Cuthie*, 743 F.Supp.2d at 498–99 (internal citation omitted). A court need not find that "common questions of law or fact predominate, but only whether such questions exist." *Id.* at 499. "Th[is] requirement is not defeated by minor differences in the underlying facts of an individual case." *Id.* Moreover, one individual common issue shared among class members is enough to satisfy the commonality requirement. *Benway v. Res. Real Estate Srvs., LLC*, 239 F.R.D. 419, 424 (D.Md. 2006).

Plaintiffs contend that each member of the proffered class has suffered the same injury of unpaid overtime wages which stemmed from Defendant's allegedly "unlawful compensation practices" which applied to all Specialists and did not account for overtime. ECF No. 72-1 at 14. Defendant incorrectly opines that the only disputed question is "what damages, if any, each Specialist is entitled to receive" because Plaintiffs worked varying hours each week. ECF No. 74 at 5–6. As another court has noted, "[a]lthough plaintiffs' claims may raise individualized questions regarding the number of hours worked and how much each employee was entitled to be paid, those differences go to the damages that each employee is owed, not to the common question of Defendant's liability." *Swigart v. Fifth Third Bank*, 288 F.R.D. 177, 184 (S.D.Ohio 2012) (quoting *Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 130 (S.D.N.Y. 2011)). Ultimately, "it is unlikely that differences in the factual background of each claim will affect the outcome of the legal issue." *Id.* (quoting *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004)); *see also Scott v. Aetna Servs., Inc.*, 210 F.R.D. 261, 267 (D.Conn. 2002) (finding commonality because the class performed the same duties and was denied overtime pay). Here, the Amended Complaint alleges that all class members suffered similar injury

because Defendants failed to classify Specialists as non-exempt employees and to pay them overtime wages pursuant to state and federal law. Thus, Plaintiffs allege that all Specialists were subject to the same employment policies and were paid in the same manner under the same compensation scheme which did not account for overtime. Therefore, common questions of law and fact exist.

Next, "[t]he typicality requirement ensures that the claims of the class representative are sufficiently aligned with those of the other class members. Typicality is satisfied when the plaintiffs and the class have an interest in prevailing on similar legal claims." *Cuthie*, 743 F.Supp.2d at 499. Thus, "[a] plaintiff's claim may factually differ and still be 'typical' of class member claims, if 'it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Miller v. Optimum Choice, Inc.*, No. DKC 2003-3653, 2006 WL 2130640, at *4 (D.Md. July 28, 2006) (quoting *Hewlett*, 185 F.R.D. at 217). Where, as here, "it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims." *Swigart*, 288 F.R.D. at 185 (quoting *Laichev v. JBM, Inc.*, 269 F.R.D. 633, 640-41 (S.D.Ohio 2008)). Additionally, differences in the amount of damages allegedly owed each putative class member "is not fatal to a finding of typicality." *Id.* (quoting *Laichev*, 269 F.R.D. at 641). Here, Plaintiffs' claims and class members' claims all arise from the same course of conduct: Defendant's classification of Specialists as exempt and its refusal to pay its Specialists overtime payments pursuant to the MWHL and MWPCL. Additionally, one legal question is likely to predominate: whether Plaintiffs should be classified

as exempt or non-exempt employees. Therefore, Plaintiffs' claim is typical of that of the proposed class.

Finally, "[r]epresentation is adequate if (1) the named plaintiffs' interests are not opposed to those of other class members, and (2) the plaintiffs' attorneys are qualified, experienced and able to conduct the litigation." *Cuthie*, 743 F.Supp.2d at 499 (citation omitted). "Absent contrary proof, class counsel is presumed competent and sufficiently experienced to prosecute the action on behalf of the class." *Id.* (citing *Hewlett*, 185 F.R.D. at 218). The named Plaintiffs' interests appear to be the same as the other class members because they are challenging the same alleged unlawful conduct and seeking the same relief as would the rest of the class. Additionally, Defendant has not raised any issue with regard to Plaintiffs' counsel's competency. Accordingly, the presumption that class counsel is competent exists here. Therefore, the Court finds that Plaintiffs have satisfied the requirement of adequacy of representation.

2. The proposed class satisfies Rule 23(b)(3).

Under Federal Rule of Civil Procedure 23(b)(3), class certification is proper only if "the questions of law or fact common to class members predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The "predominance" inquiry, the only element contested by Defendants in this case,[3] "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation," and is "far more demanding" than the commonality prerequisite under Rule 23(a). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623–24 (1997). Courts focus on the issue of liability to determine whether a proposed class meets the

---

[3] Defendant does not challenge the superiority element of Rule 23(b)(3). Regardless, this Court has held that in FLSA and overtime dispute cases, the elements of Rule 23(b)(3) could weigh in favor of granting a class certification. *See, e.g., Calderon v. GEICO Gen. Ins. Co.*, 279 F.R.D. 337, 346–47 (D.Md. 2012).

predominance prong: "[i]f the liability issue is common to the class, common questions are held to predominate over individual ones." *Hewlett*, 185 F.R.D. at 220. Although the issue of liability may present common questions of law and fact among all proposed class members, class certification can be denied if the calculation of damages requires individual computation. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013); *Hewlett*, 185 F.R.D. at 220. However, "courts generally find the predominance standard of Rule 23(b)(3) to be satisfied," even when individualized damages determinations are required, if common questions still predominate as to liability. *See Gunnells*, 348 F.3d at 427–28.

Here, Plaintiffs argue that there are no individual questions for the Court to consider because "all putative class members' claims are controlled by Maryland's wage and hour statutory scheme" and all of the proposed class members performed the same duties and were paid in the same manner. ECF No. 72-1 at 16–17. Thus, according to Plaintiffs, the method for calculating wages will be the same for all class members and the only variations will stem from the number of hours which each class member worked. *Id.* at 17.

Defendant argues that individual inquiry is required to prove the damages of the proposed class members' claims. *See* ECF No. 74 at 9–10. Specifically, Defendant asserts that individual issues will predominate because although the Specialists each had the same job title and primary job responsibilities, each Specialist worked different hours each week at different rates of pay depending on their job performance. *Id.* The Court disagrees, finding that the questions of law and fact that are common to the proposed class—whether Defendant is liable for overtime payments—predominate over any individualized concerns. In particular, these issues will be determined based on common proof regarding whether Specialists are exempt from overtime pay, and thus, common questions clearly predominate in this case. Furthermore, contrary to

Defendant's position, damages are incidental in this case where the determination of whether the Specialists are exempt will predominate over the individualized calculation of damages.

3. Class counsel

Defendant does not dispute that Plaintiffs' counsel, Benjamin L. Davis, III and Caitlin K. Carpenter of The Law Offices of Peter T. Nicholl, meet all of the requirements under Federal Rule of Civil Procedure 23(g)(1)(A) to serve as class counsel. Plaintiffs' counsel have handled "numerous" prior wage-related lawsuits and there is no indication that they have not competently met their obligations under Rule 23. ECF No. 72-1 at 15–16. The Court has no doubt that Plaintiffs' counsel will meet their obligation here to vigorously pursue this litigation. Accordingly, the Court will appoint Plaintiffs' counsel as class counsel.

### CONCLUSION

In conclusion, for the reasons stated herein, Plaintiffs' Motion to Amend is GRANTED and Plaintiff's Motion for Class Certification is GRANTED. Furthermore, the Court certifies the proposed class, appoints Amended Plaintiffs as class representatives, and appoints Plaintiffs' counsel as class counsel. A separate order will follow.

Date: 13 July 2018

A. David Copperthite
United States Magistrate Judge